UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § § | **EP-23-CR-993-DCG** |
| **JOSE MANUEL VARGAS,** | § § § | |
| *Defendant.* | § | |

**OPINION AND ORDER**

Before the Court is Defendant Vargas' Motion to Reduce Sentence (ECF No. 49). For the following reasons, the Court **DENIES** Vargas' Motion to Reduce Sentence.

## I.   Background

Vargas is serving a thirty-seven-month sentence for conspiracy to transport aliens in violation of 18 U.S.C. §§ 1324(a)(1)(A)(v)(1) and 1324(a)(1)(B)(i). J. Crim. Case, ECF No. 41, at 1–2. Vargas is also serving an eight-month sentence, running consecutively to his thirty-seven-month sentence, for violating the terms of his probation. *See* Revocation Supervised Release Hr'g, *United States v. Vargas*, No. EP-19-cr-02717 (W.D. Tex. Feb. 7, 2024), ECF No. 81; *see also* Order Revoking Supervised Release, *United States v. Vargas*, No. EP-19-cr-02717 (W.D. Tex. Feb. 7, 2024), ECF No. 82, at 2

On December 3, 2024, Vargas moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), which the Court denied. *See* Mot. Amend, ECF No. 44; *see also* Order, ECF No. 46. Vargas now purports to move for a sentence reduction pursuant to 18 U.S.C. § 3742(a)(3). *See* Mot. Reduce Sentence, ECF No. 49. In his Motion, Vargas claims that the Court granted him a one-level reduction under U.S.S.G. § 3B1.2, and he further claims that this was an error because he was entitled to a four-level reduction. *Id.* at 3.

1

## II.     Law & Discussion

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). After a federal sentence has been imposed, it may be modified or changed by a district court only in limited circumstances. The "limited circumstances" in which a district court may modify a term of imprisonment include "(1) compassionate release motions; (2) motions for sentence reduction based on a change in the sentencing guidelines; (3) Rule 35(a) motions to correct clear error within fourteen days of sentencing; (4) Rule 35(b) motions for sentence reduction based on substantial assistance; (5) Rule 36 motions to correct clerical errors; (6) habeas motions; or (7) any other motion expressly permitted by statute.*" United States v. Lopez-Escamilla*, No. 4:14-CR-91-SDJ, 2024 WL 5159891, at *2 (E.D. Tex. Dec. 18, 2024) (citation omitted) (summarizing the different types of applicable motions available in the district court for a sentence reduction).

Here, Vargas seeks modification of his sentence under § 3742(a)(3). Mot. Reduce Sentence, ECF No. 49, at 1. The provisions for modifying a sentence under § 3742 are available to a criminal defendant only on direct appeal of a sentence, however. *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (citations omitted). Vargas did not file a direct appeal, and this Court does not have appellate jurisdiction to review his sentence. To the extent that Vargas is attempting to correct an error in his sentencing, Federal Rule of Criminal Procedure 35(a) governs. Rule 35(a) states that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). The Court sentenced Vargas on February 1, 2024, and his deadline to correct his sentence has long expired. *See* Sentencing Proceedings, ECF No. 39, at 1.

Moreover, Vargas is mistaken regarding the imposition of his sentence. Section 3B1.2(a) of the Sentencing Guidelines instructs courts to reduce a defendant's offense level by four levels "if the defendant was a *minimal* participant in any criminal activity." U.S.S.G. § 3B1.2(a) (emphasis added). Where Section 3B1.2(b) instructs courts to reduce a defendant's offense level by two levels "if the defendant was a *minor* participant in any criminal activity." *Id.* 3B1.2(b) (emphasis added). Vargas claims that the Court accepted his status as a "minimal participant." Mot. Amend, ECF No. 44, at 5; *see also* Mot. Reduce Sentence, ECF No. 49, at 2. Vargas' belief, however, is incorrect. The Court accepted the plea agreement which stipulated that Vargas was a "minor participant." Addendum Plea Agreement, ECF No. 33, at 1; *see also* Order accepting R. & R., ECF No. 36. He therefore was entitled to a two-level reduction, which he received. *See* Statement of Reasons, ECF No. 42, at 1. Vargas' assertion that he received a one-level reduction is incorrect.

### III.  Conclusion

It is therefore **ORDERED** that Defendant's Motion to reduce his sentence (ECF No. 49) is **DISMISSED** for lack of jurisdiction.

**The Clerk of Court SHALL MAIL this Order to Defendant.**

**So ORDERED and SIGNED this 28th day of May 2025.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE